# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK E. SCHELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-2019-281-H |
| | ) |
| NOMA GURICH, Chief Justice of the | ) |
| Oklahoma Supreme Court; et al., | ) |
| | ) |
|     Defendants. | ) |

___

### DEFENDANT TIMOTHY E. DECLERCK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER RULES 12(B)(1) AND 12(B)(6), FED.R.CIV.P., AND BRIEF IN SUPPORT

___

Respectfully submitted,

Thomas G. Wolfe, OBA No. 11576
Heather L. Hintz, OBA No. 14253
**PHILLIPS MURRAH P.C.**
Corporate Tower, Thirteenth Floor
101 N Robinson
Oklahoma City, OK  73102
tgwolfe@phillipsmurrah.com
hlhintz@phillipsmurrah.com

**Attorneys for Defendant
Timothy E. DeClerck, in his official capacity as a member of the Oklahoma Bar Association Board of Governors**

Defendant Timothy E. DeClerck, Member, Oklahoma Bar Association Board of Governors ("Defendant" or "DeClerck"), named in his official capacity, respectfully moves to dismiss in its entirety the First Amended Complaint [Doc. 19] filed herein, under FED.R.CIV.P. Rule 12(b)(1) and (b)(6), and in support thereof, would show the Court:

**I.    Introduction.**

Plaintiff asks this Court to declare mandatory membership in the Oklahoma Bar Association (the "OBA") unconstitutional under the First and Fourteenth Amendments of the U.S. Constitution, to enjoin the OBA from the collection and use of member dues, and to obtain additional relief concerning other aspects of the OBA's operations. However, the OBA, created by the Oklahoma Supreme Court under the State Constitution, and the requirement of mandatory licensure and dues as a condition of practicing law in the State, are constitutional in all respects under controlling United States Supreme Court precedent.

In exercise of its plenary powers over Oklahoma courts granted in Articles 4 and 7 of the Oklahoma Constitution, the Oklahoma Supreme Court created the OBA in 1939. *See In re Integration of State Bar of Oklahoma*, 95 P.2d 113, 1939 OK 378. The OBA is governed by the Rules Creating and Controlling the Oklahoma Bar Association, O.S. tit. 5, Ch. 1, App. 1, *et seq.* (2005), also adopted by the Supreme Court in 1939 ("RCAC").[1] *Id.* at 116.  The Preamble to the RCAC states:

---

[1] OKLA. STAT. tit. 5, Ch. 1, App. 1, *et seq.* (2005). *See* Ex. 1, RCAC. While codified in the Oklahoma statutes, the RCAC are not statutes created by the legislature, but rules promulgated by the Oklahoma Supreme Court. *See In re Integration of State Bar of Oklahoma*, 1939 OK 378, ¶¶ 12-14, 95 P.2d at 116. DeClerck respectfully requests that the Court take judicial notice of these and other public records referenced herein. *See Tal v.*

> In the public interest, for the advancement of the administration of justice according to law, and to aid the courts in carrying on the administration of justice; to foster and maintain on the part of those engaged in the practice of law high ideals of integrity, learning, competence and public service, and high standards of conduct; to provide a forum for the discussion of subjects pertaining to the practice of law, the science of jurisprudence, and law reform; to carry on a continuing program of legal research in technical fields of substantive law, practice and procedure, and to make reports and recommendations thereto; to prevent the unauthorized practice of law; to encourage the formation and activities of local bar associations; to encourage practices that will advance and improve the honor and dignity of the legal profession; and to the end that the responsibility of the legal profession and the individual members thereof, may be more effectively and efficiently discharged in the public interest, and acting within the police powers vested in it by the Constitution of this State (Okla. Const. (1907), Art. IV, Section 1, Art. VII (1967) Sections 1, 4; *In re Integration of State Bar of Oklahoma*, 185 Okla. 505, 95 P.2d 113 (1939); *In re Bledsoe*, 186 Okla. 264, 97 P.2d 556 (1939); *Ford v. Board of Tax Roll Corrections of Oklahoma County*, 431 P.2d 423 (Okla.1967)). The Supreme Court of Oklahoma does hereby create and continue an association of the members of the Bar of the State of Oklahoma to be known as the Oklahoma Bar Association, and promulgates the following rules for the government of the Association and the individual members thereof.

Preamble, RCAC.

The RCAC further provide that "[t]he Oklahoma Bar Association is an official arm of this Court, when acting for and on behalf of this Court in the performance of its governmental powers and functions." RCAC, Art. I, § 1. "The Oklahoma Supreme Court has exclusive jurisdiction in all matters involving the licensing and discipline of lawyers in

---

*Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("facts subject to judicial notice may be considered [in a Rule 12(b)(6) motion] without converting a motion to dismiss into a motion for summary judgment. This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record. However, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein.") (internal quotations, citations and brackets omitted).

Oklahoma," *Doyle v. OBA*, 998 F.2d 1559, 1563 (10th Cir. 1993) (citations omitted), and retains sole control over rules governing admission to practice law in the State. *See id.*

## ARGUMENT AND AUTHORITIES

I.  **PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE AS TO DECLERCK, IN ITS ENTIRETY, AS TO EVERY CAUSE OF ACTION AND REQUEST FOR RELIEF, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND FOR LACK OF SUBJECT MATTER JURISDICTION**

DeClerck, a member of the Oklahoma Bar Association Board of Governors, is named solely in his official capacity. Aside from having different counsel of record, DeClerck is in the very same posture as the other defendant members of the Board of Governors, who have filed a collective Motion to Dismiss First Amended Complaint under Rules 12(B)(1) and 12(B)(6), Fed.R.Civ.P., and Brief in support. *See* Oklahoma Bar Association Board of Governor Defendants' Motion to Dismiss, and Brief in Support [Doc. 46] (the "BOG Motion").

DeClerck hereby wholly adopts in its entirety, and incorporates herein, the BOG Motion, including every argument and all authorities urged by those defendants in the BOG Motion in support of dismissal, as to every claim asserted by plaintiff, against DeClerck.[2] Because plaintiff has wholly failed to state a claim as to any of the causes of action asserted in the First Amended Complaint, and because the Court lacks subject matter jurisdiction, for the reasons and under the authorities set out and cited in the BOG Motion [Doc. 46],

---

[2] DeClerck adopts and incorporates the BOG Motion in order to prevent waste of resources and prevent imposing a burden on the Court and staff, in that absent adoption and incorporation, a brief identical in citation and substantive argument to the more than twenty page BOG Motion would be included in the Court file.

DeClerck requests that the First Amended Complaint be dismissed, in its entirety and with prejudice, as to him.

WHEREFORE, Defendant Timothy E. DeClerck, named solely in his official capacity, respectfully requests the Court dismiss plaintiff's First Amended Complaint in its entirety, with prejudice, and for such further relief, whether legal or equitable, as may be just, including an award of his reasonable attorney's fees and costs.

Respectfully submitted,

/s/ *Heather L. Hintz*
Thomas G. Wolfe, OBA No. 11576
Heather L. Hintz, OBA No. 14253
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson Avenue
Oklahoma City, OK  73102
tgwolfe@phillipsmurrah.com
hlhintz@phillipsmurrah.com

**ATTORNEYS FOR DEFENDANT TIMOTHY E. DECLERCK**

**in his official capacity as a member of the Oklahoma Bar Association Board of Governors**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2019, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following:

Charles S. Rogers – Crogers740@gmail.com
Jacob Huebert – litigation@goldwaterinstitute.org
Timothy Sandefur – tsandefur@goldwaterinstitute.org
Anthony J. Dick – ajdick@jonesday.com
***Attorneys for Plaintiff***

Kieran D. Maye, Jr. – kdmaye@mayelawfirm.com
Leslie M. Maye – lmmaye@mayelawfirm.com
***Attorneys for the Chief Justice and***
***Justices of the Oklahoma Supreme Court***

Michael Burrage - mburrage@whittenburragelaw.com
Thomas G. Wolfe - tgwolfe@phillipsmurrah.com
Heather L. Hintz - hlhintz@phillipsmurrah.com
***Attorneys for Defendants John M. Williams and***
***The Oklahoma Bar Association Board of Governor Defendants***



*/s/ Heather L. Hintz*